924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph JASMAN, Plaintiff-Appellant,
v.
Rudolf H. STAHLBERG, Lynn F. Fisher, Terry Bradford, Dave
Gundy, Defendants-Appellees.
 No. 90-1585.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Jasman, pro se, appeals from the district court's judgment granting the defendants' motion for summary judgment in this civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The defendants include a security administrator for the Michigan Department of Corrections and three officers at the Muskegon Correctional Facility in Muskegon, Michigan. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Jasman stated that the defendants had confiscated certain documents from his cell and transferred him to another prison facility in retaliation for his act of writing to the state governor to report alleged staff corruption and misconduct by defendant Fisher. The defendants filed a motion for summary judgment, which was denied by the district court. After allowing both parties to submit additional evidence, the district court granted the defendants' second motion for summary judgment and denied a motion for summary judgment filed by the plaintiff. On appeal, Jasman requests appointment of counsel.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Jasman has no reasonable expectation of privacy in his prison cell entitling him to fourth amendment protection against unreasonable searches. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Moreover, the record shows that, through the prison grievance system, Jasman has recovered all of the documents that had been seized. Further, Jasman does not have a constitutional right to be housed in any particular institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983).
 
 
 4
 The evidence submitted by the defendants establish that their actions were reasonable and taken in good faith, to protect the safety and security of defendant Fisher and other officials at the prison. Jasman has not shown that the defendants were aware, at the time they confiscated the documents, that the appellant had lodged a complaint with the governor concerning the alleged misconduct by defendant Fisher. Because first amendment rights are subject to certain limitations in order to maintain prison security and because the defendants have established that their actions were taken in furtherance of a legitimate goal of the corrections system, the district court correctly determined that the defendants must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986); Bell v. Wolfish, 441 U.S. 520, 545-47 (1979); Pell v. Procunier, 417 U.S. 817, 822 (1974).
 
 
 5
 Accordingly, Jasman's request for appointment of counsel is denied, and the district court's judgment filed May 3, 1990, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.